IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREEDOM FROM RELIGION FOUNDATION, INC.,
ANNIE LAURIE GAYLOR, ANNE NICOL GAYLOR
and DAN BARKER,

                                                                                      ORDER

                      Plaintiffs,

                                                                              11-cv-626-bbc

     v.

UNITED STATES OF AMERICA,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Freedom from Religion Foundation, Inc. and three of its members brought this lawsuit under the Administrative Procedure Act, 5 U.S.C. § 702, to challenge the constitutionality of 26 U.S.C. § 107, which provides a tax exemption for certain housing expenses of "minister[s] of the gospel." Plaintiffs seek a declaration that the statute is unconstitutional and an injunction prohibiting its enforcement.

       Defendant United States of America has filed a motion to dismiss for lack of subject matter jurisdiction, which is ready for review. Defendant argues that plaintiffs do not have standing to sue because they have not been injured by the statute. In addition, defendant says that, if plaintiffs do not have standing, the APA does not provide a waiver of defendant's sovereign immunity.

       One of defendant's primary arguments is that plaintiffs are not injured for the

1

purpose of standing unless and until they make a request for a tax exemption under § 107 and their request is denied. Plaintiffs concede that they have not asked for an exemption, but they argue that they have been injured because, on its face, the statute does not allow them to claim an exemption for housing expenses.

I decline to address defendant's standing argument at this point because there seems to be a more straightforward problem with plaintiffs' case. As both sides are aware, the United States cannot be sued unless it has waived its sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Although § 702 waives sovereign immunity "for most forms of prospective relief," Blagojevich v. Gates, 519 F.3d 370, 371(7th Cir. 2008), the statute applies only to "agency action." In this case, plaintiffs do not identify any agency action they are challenging; the only act they identify is the act of Congress in enacting § 107, but Congress is not an agency. 5 U.S.C. § 551(1)(A). In addition, plaintiffs have not named "the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance" with plaintiffs' proposed injunction, as required § 702. Thus, it does not seem that § 702 provides a basis for suing the United States in this case. However, because this is not a ground that defendant raised in its motion, I will give plaintiffs an opportunity to show cause why this case should not be dismissed.

ORDER

IT IS ORDERED that plaintiffs Freedom from Religion Foundation, Inc., Annie Laurie Gaylor, Anne Nicol Gaylor and Dan Barker may have until July 16, 2012, to show cause why

this case should not be dismissed on the ground that 5 U.S.C. § 702 does not waive defendant United States's sovereign immunity. Defendant may have until July 23, 2012 to file a response.

    Entered this 28th day of June, 2012.

                            BY THE COURT:

                            /s/

                            BARBARA B. CRABB
                            District Judge