UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FREEDOM FROM RELIGION
FOUNDATION, INC.; ANNIE LAURIE
GAYLOR, and DAN BARKER

                         Plaintiffs,

v.                                                              Case No. 11 CV 0626

UNITED STATES OF AMERICA; TIMOTHY
GEITHNER, in his official capacity; and
DOUGLAS SHULMAN, in his official capacity,

                         Defendants.

## PLAINTIFFS' ADDITIONAL PROPOSED FINDINGS OF FACT

1.      Dan Barker and Annie Laurie Gaylor are the co-Presidents of The Freedom from Religion Foundation ("FFRF"). (Gaylor Dec., ¶3.)

2.      Barker and Gaylor have each received a designated housing allowance from their employer, FFRF, designated by the FFRF Executive Council, FFRF's governing body. (Gaylor Dec., ¶4.)

3.      The FFRF Executive Council first designated housing allowances for Barker and Gaylor in August of 2011. The Executive Council designated the amount of $4,500 from each of their salaries yet to be paid in 2011. (Gaylor Dec., ¶5.)

4. In addition, FFRF designated the amount of $13,200 from each of the salaries of Barker and me to be paid in 2012 as a housing allowance. The designated housing allowances were established for each month at $1,100. (Gaylor Dec., ¶6.)

5. On October 12, 2012, the FFRF Executive Council renewed its prior housing allowance resolution, designating the amount of $15,000 to be paid in 2013 as a designated housing allowance. (Gaylor Dec., ¶7.)

6. The housing allowances designated by FFRF for Barker and Gaylor were intended to approximate their actual housing expenses. (Gaylor Dec., ¶8.)

7. The housing expenses for Barker and me for 2012 total approximately $26,072, including $14,522 as mortgage payments and $7,767 as property taxes. (Gaylor Dec., ¶9.)

8. Housing expenses for Barker and Gaylor for 2011 totaled approximately $26,136, including $14,552 as mortgage payments and $7,444 as property taxes. (Gaylor Dec., ¶10.)

9. Gaylor has not excluded her housing allowance because § 107(2) of the Internal Revenue Code is only available to ministers of the gospel. Gaylor would exclude my housing allowance from reported income, not to exceed the reasonable expenses of her housing or the fair rental value of her home, whichever is less, if § 107(2) and implementing regulations so allowed. (Gaylor Dec., ¶11.)

10. Gaylor has long considered the exemption allowed only to ministers to be discriminatory and unfair, which is made clear by FFRF's designation of a housing allowance which Barker and Gaylor cannot exclude from their reported income. (Gaylor Dec., ¶12.)

11. Gaylor knows of no legitimate facts that would support her taking the exemption under § 107(2) of the IRC. (Gaylor Dec., ¶13.)

12. The Government misapprehends the purpose and activities of FFRF, including the activities performed by Gaylor. (Gaylor Dec., ¶14.)

13. The principal purpose of FFRF is to promote the constitutional principle of separation of state and church and to educate the public on matters related to non-theistic beliefs, which purposes do not involve ministry services. (Exhibit 1, at 1, which is a true and correct copy of the Bylaws of FFRF.) (Gaylor Dec., ¶15.)

14. FFRF also is not a church and Gaylor is not a minister, nor is FFRF a religious organization operating under the authority of a church or religious denomination. (Gaylor Dec., ¶16.)

15. The Government ignores that a substantial part of the work of FFRF is to promote the constitutional principle of separation of state and church, including by advocacy, education, and litigation. FFRF's concern with state/church entanglement is paramount. (See Exhibit 2, FFRF 2012 Year in Review, describing representative activities of the Foundation; FFRF's website also includes answers to frequently asked questions relating to state/church violations. See Exhibit 3, a true and correct copy of FAQ page from FFRF's website.) (Gaylor Dec., ¶17.)

16. FFRF's promotion of the separation of state and church does not constitute the practice of religion and it is not based on a belief system "parallel to that of traditionally religious persons." (Gaylor Dec., ¶18.)

17. In fact, atheism does not have a body of dogma, tenets, or sacred writings. (Gaylor Dec., ¶19.)

18. Atheism also has no hierarchical, or even congregational organization or structure. It is not like the Catholic religion, or Judaism, which have an organizational status and a substantive dogma. (Gaylor Dec., ¶20.)

19. FFRF, simply put, is not a church and it is not a religious organization operating under the authority of a church or religious denomination. FFRF is a legal entity created to conduct educational purposes, but it is not a church, nor does it operate under the authority of a church. (Gaylor Dec., ¶21.)

20. For her part, Gaylor does not perform services in the exercise of a ministry on behalf of FFRF. I am not a "duly ordained, commissioned, or licensed minister of a church." No higher atheistic body oversees FFRF, or ordains, commissions, or licenses ministers to perform ministry. Likewise, FFRF does not ordain, commission, or license ministers, including Barker and Gaylor. Gaylor is not ordained, commissioned, or licensed by any church or religious denomination. (Gaylor Dec., ¶22.)

21. Barker and Gaylor also do not conduct religious worship or perform sacerdotal functions based on the tenets and practices of a particular religious body constituting a church or denomination. The Government implies that the tenets and practices of atheism recognize sacerdotal functions and forms of religious worship, but that is not true. Atheism does not recognize any sacerdotal functions, or forms of religious worship – and FFRF does not have any such tenets or orthodoxy. Gaylor has never performed a wedding, baptism, funeral or other such ceremony. Gaylor has given information about secular or "god-less"

funerals, but this is not the performance of a sacerdotal function. (See Exhibit 4, from FFRF's website, providing information regarding Secular Memorials And Funerals Without God, which is informational but not derived from any tenet, creed, or orthodoxy. Similarly, a De-Baptismal Certificate that can be obtained from FFRF is tongue-in-cheek, rather than a sacerdotal ceremony, as shown by Exhibit 5, from FFRF's website.) (Gaylor Dec., ¶23.)

22. Gaylor's role as a co-President of FFRF, moreover, does not constitute any ordination, commissioning, or licensing as a minister. The functions of the president of FFRF do not include any such ordination or authorization to perform sacerdotal functions or worship. (Exhibit 1 at pg. 2, stating that "the President of the Foundation shall serve as executive director of the Foundation. The executive director shall be responsible for press releases, at least ten (10) periodicals annually, filing of ctheirt suits, minor policy matters, correspondence and other office routine.") (Gaylor Dec., ¶24.)

23. FFRF also does not have the attributes of a church that are considered by the IRS. (Gaylor Dec., ¶25.)

24. FFRF does not have a recognized creed or form of worship. (Gaylor Dec., ¶26.)

25. FFRF does not have any ecclesiastical government. (Gaylor Dec., ¶27.)

26. FFRF does not have a formal code of doctrine and discipline applicable to members. (Gaylor Dec., ¶28.)

27. FFRF does not have a distinct religious history; on the contrary, FFRF has consistently presented itself to the public as a pesky secular organization that is opposed to governmental establishment of religion. (Gaylor Dec., ¶29.)

28.     FFRF does not have an organization of ordained ministers and it does not have any prescribed ctheirse of study leading to ordination as a minister.  (Gaylor Dec., ¶30.)

29.     FFRF does not engage in worship and has no established place of worship.  (Gaylor Dec., ¶31.)

30.     FFRF does not have a congregation and does not conduct regular religious services.  (Gaylor Dec., ¶32.)

31.     FFRF does not provide religious instruction for children and has no school for the preparation of ministers.  (Gaylor Dec., ¶33.)

32.     FFRF, in short, does not have the recognized attributes of a church, including a body of "believers or communicants" that assemble regularly in order to worship.  (Gaylor Dec., ¶34.)

33.     Barker and Gaylor also are not recognized as spiritual leaders; in fact, FFRF consistently presents itself to the public as a secular organization, albeit one that sometimes ruffles feathers.  (Gaylor Dec., ¶35.)

34.     The Government's reference to Anne Nicol Gaylor as "Madison's Favorite Religious Leader," moreover, misconstrues irony for fact.  The Madison Magazine "award" cited by the Government was not a bona fide acknowledgement that Anne Nicol Gaylor was viewed in Madison as a spiritual leader.  Anne Nicol Gaylor has never had a reputation as a religious leader.  (Gaylor Dec., ¶36.)

35.     Gaylor is aware of no facts that would qualify Barker or her as ministers for purposes of the exclusion allowed by Section 107 of the IRC.  The Government concedes, however, that she would have to establish the elements necessary to qualify for the

6

exclusion, which requires that a minister perform religious functions pursuant to the organized tenets and creed of a church or religious denomination. In fact, Atheism does not have such tenets, and FFRF is not a church or religious organization. (Gaylor Dec., ¶37.)

36. Gaylor would claim the exclusion for the housing allowance designated by FFRF were it not for the IRS statute privileging only ministers of the gospel and excluding secular employees, including free thought leaders who reject religion. Accordingly, Barker and Gaylor have not claimed the exclusion for fear of disallowance and penalty by the IRS. (Gaylor Dec., ¶38.)

37. Based on the facts as Gaylor knows them, she cannot claim the exclusion, including because she does not perform services for a church or religious organization; she is not ordained, commissioned, or licensed by a church or a religious denomination; she does not perform sacerdotal functions or worship prescribed by the tenets of any religion; and she has no congregation or church where she provides religious services. (Gaylor Dec., ¶40.)

38. Barker also is aware that the Government insinuates that he may qualify as a religious minister, but he knows of no legitimate facts that would support taking the exemption under § 107(2). He finds it ironic and coercive, in fact, that the Government apparently expects him to identify as a religious minister, contrary to his views about religion, in order to qualify for a government benefit. (Barker Dec., ¶13.)

39. FFRF's promotion of the separation of state and church does not constitute the practice of religion and it is not based on a belief system parallel to that of traditionally religious persons. FFRF has no doctrinal premises, except the U.S. Constitution and other

secular laws. FFRF as an organization, espouses and promotes no formal belief in doctrine beyond the wording of the First Amendment. (Barker Dec., ¶18.)

40. FFRF also is not based on a belief system that is "parallel to that filled by God in traditionally religious persons," and FFRF has not "taken a position on divinity." FFRF's Bylaws expressly refer to nontheism, and is open to agnostics and deists, as well as positive atheists (i.e., there is no God), and negative atheists (do not believe there is a God). FFRF's position is based on freethought, which is not a doctrine, and in fact, FFRF is not correctly described as an atheist organization. (Barker Dec., ¶19.)

41. Nonetheless, it must be recognized that atheism does not have a body of dogma, tenets, or sacred writings. Atheism also is not a belief system, unlike Christianity (theistic) or Buddhism (nontheistic). Atheism is not a belief at all – it is the absence of belief. FFRF, for its part, also does not subscribe to any belief system, but rather advocates freedom from a belief system. (Barker Dec., ¶20.)

42. Atheism also has no denominational, or even congregational organization or structure. It is not like the Catholic religion, or Judaism, which have an organizational existence and a substantive dogma. Atheism has no status or existence as an entity. (Barker Dec., ¶21.)

43. Barker does not perform services in the exercise of a ministry on behalf of FFRF. He is not a "duly ordained, commissioned, or licensed minister" of FFRF, and no higher atheistic body oversees FFRF, or ordains, commissions, or licenses ministers to perform ministry. (Barker Dec., ¶23.)

44.     Barker has officiated at secular weddings, approximately one per year, which he does personally, at no charge, and not representing FFRF. This is not a service offered by FFRF, which takes no position on marriage. FFRF does not perform marriages and it is not authorized in FFRF's Bylaws, resolutions, or otherwise. (Gaylor has never performed a wedding.) (Barker Dec., ¶24.)

45.     De-baptismal certificates sold by FFRF also do not constitute sacerdotal functions. These are not official documents, nor are they issued as an official function. The de-baptismal certificates are offered as a tongue-in-cheek way to bring attention to opting out of religion, not as a religious exercise. They can be purchased, not awarded, and they are available to anyone, not just FFRF members. (Gaylor does not sign these certificates.) FFRF also does not keep track of who buys the certificates and they are not recorded as any official record. (Barker Dec., ¶25.)

46.     Sacerdotal functions, by definition, are those performed by humans who purportedly stand between humans and God. The concept of sacerdotalism implicitly requires a belief in God and there is no such thing as an atheistic sacerdotal function. Even if sacerdotal is given an imprecise meaning that corresponds to a solemn official ceremony, moreover, FFRF recognizes no such ceremonies, occasions, or official functions. (Barker Dec., ¶26.)

47.     Based on the facts as Barker knows them to be, he could not honestly, and consistent with good conscience, claim the exclusion as compensation from FFRF for services as a minister. (Barker Dec., ¶42.)

48. Barker cannot claim the exclusion, including because he does not perform services for a church or religious organization; he is not ordained, commissioned, or licensed by FFRF as a minister; he does not perform sacerdotal functions or worship prescribed by the tenets of FFRF; he has no congregation or church where he provides religious services; and most important, he simply does not perform religious functions for FFRF. (Barker Dec., ¶43.)

Dated this 26 day of July, 2013.

BOARDMAN & CLARK LLP

By: */s/ Richard L. Bolton*
Richard L. Bolton, SBN 1012552
*rbolton@boardmanclark.com*
One South Pinckney Street, Suite 410
Madison, Wisconsin 53703-4256
608-257-9521 ‖ 608-283-1709 fax
Attorneys for Plaintiffs

Notice of Electronic Filing and Service

I hereby certify that on July 26, 2013, this document was filed electronically in accordance with the ECF procedures of the United States District Court, Western District of Wisconsin, under Rule 5(d)(1), Federal Rules of Civil Procedure. All parties who are represented and have consented to service of electronically filed documents are served upon receipt of the NEF from the electronic filing system.

To the best of my knowledge, there are no parties in this case that require service by means other than electronic service using the Court's NEF. The original document on file with the filing party contains valid original signatures.

f:\docs\wd\26318\25\a1702891.docx