IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| FREEDOM FROM RELIGION FOUNDATION, INC., ANNIE LAURIE GAYLOR, and DAN BARKER, | ) ) ) ) ) | Case No. 11-cv-0626 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' RESPONSE TO PLAINTIFFS'
ADDITIONAL PROPOSED FINDINGS OF FACT**

1.     Dan Barker and Annie Laurie Gaylor are the co-Presidents of The Freedom from

Religion Foundation ("FFRF"). (Gaylor Dec., ¶3.)

**RESPONSE:** Undisputed.

2.     Barker and Gaylor have each received a designated housing allowance from their

employer, FFRF, designated by the FFRF Executive Council, FFRF's governing body. (Gaylor

Dec., ¶4.)

**RESPONSE:** Undisputed.

3.     The FFRF Executive Council first designated housing allowances for Barker and Gaylor

in August of 2011. The Executive Council designated the amount of $4,500 from each of their

salaries yet to be paid in 2011. (Gaylor Dec., ¶5.)

**RESPONSE:** Disputed. The amount of Mr. Barker and Ms. Gaylor's respective housing

allowances was $5,500 each. (Ex. 3 Interrog. No. 3(b); Ex. 5, Interrog. No. 3 (f) & (g).)

4.      In addition, FFRF designated the amount of $13,200 from each of the salaries of Barker and me to be paid in 2012 as a housing allowance. The designated housing allowances were established for each month at $1,100. (Gaylor Dec., ¶6.)

**RESPONSE:** Undisputed.

5.      On October 12, 2012, the FFRF Executive Council renewed its prior housing allowance resolution, designating the amount of $15,000 to be paid in 2013 as a designated housing allowance. (Gaylor Dec., ¶7.)

**RESPONSE:** Undisputed.

6.      The housing allowances designated by FFRF for Barker and Gaylor were intended to approximate their actual housing expenses. (Gaylor Dec., ¶8.)

**RESPONSE:** Undisputed.

7.      The housing expenses for Barker and me for 2012 total approximately $26,072, including $14,522 as mortgage payments and $7,767 as property taxes. (Gaylor Dec., ¶9.)

**RESPONSE:** Undisputed.

8.      Housing expenses for Barker and Gaylor for 2011 totaled approximately $26,136, including $14,552 as mortgage payments and $7,444 as property taxes. (Gaylor Dec., ¶10.)

**RESPONSE:** Undisputed.

9.      Gaylor has not excluded her housing allowance because § 107(2) of the Internal Revenue Code is only available to ministers of the gospel. Gaylor would exclude my [*sic*] housing allowance from reported income, not to exceed the reasonable expenses of her housing or the fair rental value of her home, whichever is less, if § 107(2) and implementing regulations so allowed. (Gaylor Dec., ¶11.)

**RESPONSE:** The United States does not dispute that "Gaylor has not excluded her housing allowance." The United States objects to the remainder of this proposed fact because it states improper opinion testimony in the form of legal conclusions on an ultimate issue in the case, *see* Fed. R. Evid. 601, 701-04, not facts. These legal conclusions should be disregarded. *Ruppert v. Alliant Energy Cash Balance Pension Plan*, 716 F. Supp. 2d 801, 808 (W.D. Wis. 2010) (Crabb, J.), *motion for reconsideration granted on other grounds by* 2010 U.S. Dist. LEXIS 60872 (W.D. Wis. Jun. 18, 2010) (disregarding "arguments and characterizations" contained in parties' proposed findings of fact on summary judgment; in part because "[w]hen a party wants to make an argument about the meaning of facts, or about the law, those words should be saved for the briefs").

10.     Gaylor has long considered the exemption allowed only to ministers to be discriminatory and unfair, which is made clear by FFRF's designation of a housing allowance which Barker and Gaylor cannot exclude from their reported income. (Gaylor Dec., ¶12.)

**RESPONSE:** The United States does not dispute that "Gaylor has long considered the exemption allowed only to ministers to be discriminatory and unfair." The United States objects to the remainder of this proposed fact because it states improper opinion testimony in the form of legal conclusions on an ultimate issue in the case, *see* Fed. R. Evid. 601, 701-04, not facts. These legal conclusions should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

11.     Gaylor knows of no legitimate facts that would support her taking the exemption under § 107(2) of the IRC. (Gaylor Dec., ¶13.)

**RESPONSE:** Disputed. From the outset, Ms. Gaylor has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and has provided sworn statements that could support an exclusion of income under § 107 (Doc. 41, United States' Statement of Proposed Findings of Fact ¶¶ 1, 4-5, 14-16, 19-33).

12.     The Government misapprehends the purpose and activities of FFRF, including the activities performed by Gaylor. (Gaylor Dec., ¶14.)

**RESPONSE:** Disputed. All Plaintiffs provided sworn written statements or testimony that support the United States' assertions of fact regarding the activities of FFRF and Ms. Gaylor. (Doc. 41 ¶¶ 1-34.)

13.     The principal purpose of FFRF is to promote the constitutional principle of separation of state and church and to educate the public on matters related to non-theistic beliefs, which purposes do not involve ministry services. (Exhibit 1, at 1, which is a true and correct copy of the Bylaws of FFRF.) (Gaylor Dec., ¶15.)

**RESPONSE:** The United States does not dispute that FFRF's Bylaws state that its purpose is "to operate on a non-profit basis for the promotion of the constitutional principle of separation of state and church and to educate the public on matters related to nontheistic beliefs" (Gaylor Decl. Ex. 1 Art. II), nor that Ms. Gaylor believes in the remaining content of the proposed fact (Gaylor Dec. ¶ 15). The United States, however, objects to Plaintiffs offering the content of Ms. Gaylor's beliefs as undisputed fact because it is improper opinion testimony in the form of legal conclusions on an ultimate issue in the case, *see* Fed. R. Evid. 601, 701-04.

14.     FFRF also is not a church and Gaylor is not a minister, nor is FFRF a religious

organization operating under the authority of a church or religious denomination. (Gaylor Dec.,

¶16.)

> **RESPONSE:** Undisputed.

15.      The Government ignores that a substantial part of the work of FFRF is to promote the

constitutional principle of separation of state and church, including by advocacy, education, and

litigation. FFRF's concern with state/church entanglement is paramount. (See Exhibit 2, FFRF

2012 Year in Review, describing representative activities of the Foundation; FFRF's website

also includes answers to frequently asked questions relating to state/church violations. See

Exhibit 3, a true and correct copy of FAQ page from FFRF's website.) (Gaylor Dec., ¶17.)

> **RESPONSE:** The United States objects to this proposed finding of fact because it
>
> contains argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d
>
> at 808. To the extent the proposed finding of fact states facts rather than argument, it is
>
> undisputed.

16.     FFRF's promotion of the separation of state and church does not constitute the practice of

religion and it is not based on a belief system "parallel to that of traditionally religious persons."

(Gaylor Dec., ¶18.)

> **RESPONSE:** Undisputed.

17.     In fact, atheism does not have a body of dogma, tenets, or sacred writings. (Gaylor Dec.,

¶19.)

> **RESPONSE:** The United States objects to this proposed fact because Ms. Gaylor is
>
> offering improper opinion testimony, contrary to Fed. R. Evid. 601, 701-04. She has not
>
> been proffered as an expert witness regarding the beliefs, history, traditions, or practices

among atheists or other non-theists. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered as a testifying expert). Thus, the United States does not dispute that Ms. Gaylor may believe the statement in this proposed fact, but identifies Plaintiffs' absence of evidence as to the contents of this proposed fact regarding "atheism" or the beliefs of atheists generally.

18.     Atheism also has no hierarchical, or even congregational organization or structure. It is not like the Catholic religion, or Judaism, which have an organizational status and a substantive dogma. (Gaylor Dec., ¶20.)

> **RESPONSE:** The United States objects to this proposed fact because Ms. Gaylor is offering improper opinion testimony, contrary to Fed. R. Evid. 601, 701-04. She has not been proffered as an expert witness regarding the beliefs, history, traditions, or practices among atheists or other non-theists. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered as a testifying expert). Thus, the United States does not dispute that Ms. Gaylor may believe the statement in this proposed fact, but identifies Plaintiffs' absence of evidence as to the contents of this proposed fact regarding "atheism" or the beliefs of atheists generally.

19.     FFRF, simply put, is not a church and it is not a religious organization operating under the authority of a church or religious denomination. FFRF is a legal entity created to conduct educational purposes, but it is not a church, nor does it operate under the authority of a church. (Gaylor Dec., ¶21.)

> **RESPONSE:** Undisputed.

20.     For her part, Gaylor does not perform services in the exercise of a ministry on behalf of FFRF. I [*sic*] am not a "duly ordained, commissioned, or licensed minister of a church." No

higher atheistic body oversees FFRF, or ordains, commissions, or licenses ministers to perform ministry. Likewise, FFRF does not ordain, commission, or license ministers, including Barker and Gaylor. Gaylor is not ordained, commissioned, or licensed by any church or religious denomination. (Gaylor Dec., ¶22.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's "Procedure to be Followed on Motions for Summary Judgment" ("Procedures") because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich v. Bd. of Regents of the Univ. of Wis. Sys.*, 274 F.3d 1174, 1177-78 (7th Cir. 2001) (rejecting the abuse-of-discretion challenge to this Court's decision to disregard proposed statements of fact not in compliance with its Procedures).

21.    Barker and Gaylor also do not conduct religious worship or perform sacerdotal functions based on the tenets and practices of a particular religious body constituting a church or denomination. The Government implies that the tenets and practices of atheism recognize sacerdotal functions and forms of religious worship, but that is not true. Atheism does not recognize any sacerdotal functions, or forms of religious worship – and FFRF does not have any such tenets or orthodoxy. Gaylor has never performed a wedding, baptism, funeral or other such ceremony. Gaylor has given information about secular or "god-less" funerals, but this is not the performance of a sacerdotal function. (See Exhibit 4, from FFRF's website, providing information regarding Secular Memorials And Funerals Without God, which is informational but not derived from any tenet, creed, or orthodoxy. Similarly, a De-Baptismal Certificate that can be

obtained from FFRF is tongue-in-cheek, rather than a sacerdotal ceremony, as shown by Exhibit 5, from FFRF's website.) (Gaylor Dec., ¶23.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent
> with this Court's "Procedure to be Followed on Motions for Summary Judgment"
> ("Procedures") because it does not set forth "[e]ach fact . . . in a separate, numbered
> paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1
> & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures,
> it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects
> to this proposed finding of fact because it states improper opinion testimony in the form
> of legal argument and conclusions on an ultimate issue in the case, *see* Fed. R. Evid. 601,
> 701-04, not facts. The legal argument and conclusions should be disregarded. *Ruppert*,
> 716 F. Supp. 2d at 808.

22.    Gaylor's role as a co-President of FFRF, moreover, does not constitute any ordination, commissioning, or licensing as a minister. The functions of the president of FFRF do not include any such ordination or authorization to perform sacerdotal functions or worship. (Exhibit 1 at pg. 2, stating that "the President of the Foundation shall serve as executive director of the Foundation. The executive director shall be responsible for press releases, at least ten (10) periodicals annually, filing of ctheirt [*sic*] suits, minor policy matters, correspondence and other office routine.") (Gaylor Dec., ¶24.)

> **RESPONSE:** Undisputed.

23.    FFRF also does not have the attributes of a church that are considered by the IRS. (Gaylor Dec., ¶25.)

> **RESPONSE:** Undisputed.

24.     FFRF does not have a recognized creed or form of worship. (Gaylor Dec., ¶26.)

        **RESPONSE:** Undisputed.

25.     FFRF does not have any ecclesiastical government. (Gaylor Dec., ¶27.)

        **RESPONSE:** Undisputed.

26.     FFRF does not have a formal code of doctrine and discipline applicable to members.

(Gaylor Dec., ¶28.)

        **RESPONSE:** Undisputed.

27.     FFRF does not have a distinct religious history; on the contrary, FFRF has consistently

presented itself to the public as a pesky secular organization that is opposed to governmental

establishment of religion. (Gaylor Dec., ¶29.)

        **RESPONSE:** Undisputed.

28.     FFRF does not have an organization of ordained ministers and it does not have any

prescribed ctheirse [*sic*] of study leading to ordination as a minister. (Gaylor Dec., ¶30.)

        **RESPONSE:** Undisputed.

29.      FFRF does not engage in worship and has no established place of worship. (Gaylor Dec.,

¶31.)

        **RESPONSE:** Undisputed.

30.     FFRF does not have a congregation and does not conduct regular religious services.

(Gaylor Dec., ¶32.)

        **RESPONSE:** Undisputed.

31.     FFRF does not provide religious instruction for children and has no school for the

preparation of ministers. (Gaylor Dec., ¶33.)

**RESPONSE:** The United States disputes that FFRF does not provide religious instruction for children because, in the course of Mr. Barker and Ms. Gaylor's duties as Co-Presidents of FFRF, they provide counsel on "how to teach children about morality without religion." (Ex. 3 Interrog. No. 4; Ex. 5 Interrog. No. 6). Otherwise, the United States does not dispute this proposed fact.

32.    FFRF, in short, does not have the recognized attributes of a church, including a body of "believers or communicants" that assemble regularly in order to worship. (Gaylor Dec., ¶34.)

**RESPONSE:** Disputed. FFRF describes itself as "the nation's largest explicitly freethought (atheist, agnostic) membership group" with "more than 19,000 members," with "chapters" in various cities around the United States. (Doc. 47-2 at 1, 4; Doc. 48-2 at 1, 4 (citing http://ffrf.org/about/ffrf-chapters)). Mr. Barker views the members of FFRF:

> somewhat as members or congregants in a sense that many of them had questions or problems with how do I deal with religious relatives, how do I announce the news that I am no longer a believer, morality with God -- basically doing much of what I used to do as a minister, but now for a totally different message, for a nonminister of the gospel type of message.

(Barker Dep. 48:4-16; *see also* Doc. 41 ¶¶ 6(a) & (b), 7.) Moreover, FFRF's members convene at events like an "annual national convention" "with 880 registrants." (Doc. 47-2 at 4; Doc. 48-2 at 4.) FFRF, Ms. Gaylor, and Mr. Barker also participate in assemblies such as the Reason Rally (which FFRF co-sponsored), and the "'Celebration of Reason' at the Global Atheist Conference in Melbourne Australia," which was "the largest atheist conference in history." (Doc. 47-2 at 3; Doc. 48-2 at 3.)

33.    Barker and Gaylor also are not recognized as spiritual leaders; in fact, FFRF consistently presents itself to the public as a secular organization, albeit one that sometimes ruffles feathers. (Gaylor Dec., ¶35.)

**RESPONSE:** The United States objects to the proposed finding of fact that "Barker and Gaylor are not recognized as spiritual leaders" because it states a legal conclusion that should be disregarded, *Ruppert*, 716 F. Supp. 2d at 808, especially in light of the fact that atheism is to be considered a religion for First Amendment purposes. *Kaufman v. McCaughtry*, 419 F.3d 678, 681-82 (7th Cir. 2005). Moreover, the United States disputes this fact on the grounds that Ms. Gaylor and Mr. Barker have admitted to performing acts that can be construed as spiritual leadership.  (Doc. 41 ¶¶ 1-16.)

34.     The Government's reference to Anne Nicol Gaylor as "Madison's Favorite Religious Leader," moreover, misconstrues irony for fact. The Madison Magazine "award" cited by the Government was not a bona fide acknowledgement that Anne Nicol Gaylor was viewed in Madison as a spiritual leader. Anne Nicol Gaylor has never had a reputation as a religious leader. (Gaylor Dec., ¶36.)

**RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. Further, the United States disputes this proposed fact because Ms. Gaylor offered information about her mother's election as "Madison's favorite religious leader" in partial response to the question: "Are there any other ways, aside from like the tasks of the job that you've just

11

described, that you are otherwise similarly situated to a minister who could claim 107?"

(Gaylor Dep. 86:21-87:10.)

35.     Gaylor is aware of no facts that would qualify Barker or her as ministers for purposes of

the exclusion allowed by Section 107 of the IRC. The Government concedes, however, that she

would have to establish the elements necessary to qualify for the exclusion, which requires that a

minister perform religious functions pursuant to the organized tenets and creed of a church or

religious denomination. In fact, Atheism does not have such tenets, and FFRF is not a church or

religious organization. (Gaylor Dec., ¶37.)

> **RESPONSE:**  The United States objects to the form of this proposed fact as inconsistent
>
> with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate,
>
> numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc.
>
> 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's
>
> Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United
>
> States objects to this proposed finding of fact because it contains legal argument and
>
> conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. The United
>
> States also objects to this proposed fact because Ms. Gaylor is offering improper opinion
>
> testimony, contrary to Fed. R. Evid. 601, 701-04. She has not been proffered as an expert
>
> witness regarding the beliefs, history, traditions, or practices among atheist people. *See*
>
> Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered
>
> as a testifying expert). Thus, the United States does not dispute that Ms. Gaylor may
>
> believe the statement regarding the tenets of her atheism in this proposed fact, but
>
> identifies Plaintiffs' absence of evidence as to the contents of this proposed fact regarding
>
> "atheism" or the beliefs of atheists generally.

Further, the United States disputes that "Gaylor is aware of no facts that would qualify Barker or her as ministers for purposes of the exclusion allowed by Section 107 of the IRC." From the outset, Ms. Gaylor has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and is aware of or has provided sworn statements regarding facts of her job and Mr. Barker's that could support an exclusion of income under § 107 (Doc. 41 ¶¶ 1-32).

36.    Gaylor would claim the exclusion for the housing allowance designated by FFRF were it not for the IRS statute privileging only ministers of the gospel and excluding secular employees, including free thought leaders who reject religion. Accordingly, Barker and Gaylor have not claimed the exclusion for fear of disallowance and penalty by the IRS. (Gaylor Dec., ¶38.)

**RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. The United States does not dispute that "Barker and Gaylor have not claimed the exclusion."

37.    Based on the facts as Gaylor knows them, she cannot claim the exclusion, including because she does not perform services for a church or religious organization; she is not ordained, commissioned, or licensed by a church or a religious denomination; she does not perform sacerdotal functions or worship prescribed by the tenets of any religion; and she has no congregation or church where she provides religious services. (Gaylor Dec., ¶40.)

**RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

The United States disputes this proposed fact regarding "the facts as Gaylor knows them" because from the outset, Ms. Gaylor has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and has provided sworn statements about her job duties that could support an exclusion of income under § 107. (Doc. 41 ¶¶ 1, 4-5, 14-16, 19-33.)

38.    Barker also is aware that the Government insinuates that he may qualify as a religious minister, but he knows of no legitimate facts that would support taking the exemption under § 107(2). He finds it ironic and coercive, in fact, that the Government apparently expects him to identify as a religious minister, contrary to his views about religion, in order to qualify for a government benefit. (Barker Dec., ¶13.)

**RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United

States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

The United States disputes this proposed fact regarding the facts that Mr. Barker knows because from the outset, Mr. Barker has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and has provided sworn statements about his job duties and other facts that could support an exclusion of income under § 107. (Doc. 41 ¶¶ 3, 5-13, 19-22, 28, 31.)

39.     FFRF's promotion of the separation of state and church does not constitute the practice of religion and it is not based on a belief system parallel to that of traditionally religious persons. FFRF has no doctrinal premises, except the U.S. Constitution and other secular laws. FFRF as an organization, espouses and promotes no formal belief in doctrine beyond the wording of the First Amendment. (Barker Dec., ¶18.)

**RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

40.     FFRF also is not based on a belief system that is "parallel to that filled by God in traditionally religious persons," and FFRF has not "taken a position on divinity." FFRF's Bylaws expressly refer to nontheism, and is open to agnostics and deists, as well as positive atheists (i.e., there is no God), and negative atheists (do not believe there is a God). FFRF's position is based

on freethought, which is not a doctrine, and in fact, FFRF is not correctly described as an atheist organization. (Barker Dec., ¶19.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

41.     Nonetheless, it must be recognized that atheism does not have a body of dogma, tenets, or sacred writings. Atheism also is not a belief system, unlike Christianity (theistic) or Buddhism (nontheistic). Atheism is not a belief at all – it is the absence of belief. FFRF, for its part, also does not subscribe to any belief system, but rather advocates freedom from a belief system. (Barker Dec., ¶20.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. Also, the United States objects to this proposed fact because Mr. Barker is offering improper opinion testimony, contrary to Fed. R. Evid. 601, 701-04. He has not been proffered as an expert

16

witness regarding the beliefs, history, traditions, or practices among atheist people. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered as a testifying expert). Thus, the United States does not dispute that Mr. Barker may believe the statement in this proposed fact, but identifies Plaintiffs' absence of evidence as to the contents of this proposed fact regarding "atheism" or the beliefs of atheists generally.

42.     Atheism also has no denominational, or even congregational organization or structure. It is not like the Catholic religion, or Judaism, which have an organizational existence and a substantive dogma. Atheism has no status or existence as an entity. (Barker Dec., ¶21.)

       **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. Also, the United States objects to this proposed fact because Mr. Barker is offering improper opinion testimony, contrary to Fed. R. Evid. 601, 701-04. He has not been proffered as an expert witness regarding the beliefs, history, traditions, or practices among atheist people. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered as a testifying expert). Thus, the United States does not dispute that Mr. Barker may believe the statement in this proposed fact, but identifies Plaintiffs' absence of evidence

17

as to the contents of this proposed fact regarding "atheism" or the beliefs of atheists generally.

43.     Barker does not perform services in the exercise of a ministry on behalf of FFRF. He is not a "duly ordained, commissioned, or licensed minister" of FFRF, and no higher atheistic body oversees FFRF, or ordains, commissions, or licenses ministers to perform ministry. (Barker Dec., ¶23.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Also, the United States disputes this proposed fact in light of Mr. Barker's own testimony about the services he performs. (Doc. 41 ¶¶ 3, 5-13.)

44.      Barker has officiated at secular weddings, approximately one per year, which he does personally, at no charge, and not representing FFRF. This is not a service offered by FFRF, which takes no position on marriage. FFRF does not perform marriages and it is not authorized in FFRF's Bylaws, resolutions, or otherwise. (Gaylor has never performed a wedding.) (Barker Dec., ¶24.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78.

18

45.     De-baptismal certificates sold by FFRF also do not constitute sacerdotal functions. These are not official documents, nor are they issued as an official function. The de-baptismal certificates are offered as a tongue-in-cheek way to bring attention to opting out of religion, not as a religious exercise. They can be purchased, not awarded, and they are available to anyone, not just FFRF members. (Gaylor does not sign these certificates.) FFRF also does not keep track of who buys the certificates and they are not recorded as any official record. (Barker Dec., ¶25.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.

46.     Sacerdotal functions, by definition, are those performed by humans who purportedly stand between humans and God. The concept of sacerdotalism implicitly requires a belief in God and there is no such thing as an atheistic sacerdotal function. Even if sacerdotal is given an imprecise meaning that corresponds to a solemn official ceremony, moreover, FFRF recognizes no such ceremonies, occasions, or official functions. (Barker Dec., ¶26.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. Further, the United

States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. Also, the United States objects to this proposed fact because Mr. Barker is offering improper opinion testimony, contrary to Fed. R. Evid. 601, 701-04. He has not been proffered as an expert witness regarding what may be a "sacerdotal function" or "sacerdotalism." *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring specific disclosures for any witness to be proffered as a testifying expert). Thus, the United States does not dispute that Mr. Barker may believe the statement in this proposed fact, but identifies Plaintiffs' absence of evidence as to the contents of this proposed fact regarding what may be a "sacerdotal function" or "sacerdotalism."

47.     Based on the facts as Barker knows them to be, he could not honestly, and consistent with good conscience, claim the exclusion as compensation from FFRF for services as a minister. (Barker Dec., ¶42.)

> **RESPONSE:** The United States objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808. The United States also disputes this proposed fact regarding the facts that Mr. Barker knows because from the outset, Mr. Barker has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and has provided sworn statements about his job duties and other facts that could support an exclusion of income under § 107 (Doc. 41 ¶¶ 3, 5-13, 19-22, 28, 31).

48.     Barker cannot claim the exclusion, including because he does not perform services for a church or religious organization; he is not ordained, commissioned, or licensed by FFRF as a minister; he does not perform sacerdotal functions or worship prescribed by the tenets of FFRF;

he has no congregation or church where he provides religious services; and most important, he simply does not perform religious functions for FFRF. (Barker Dec., ¶43.)

> **RESPONSE:** The United States objects to the form of this proposed fact as inconsistent with this Court's Procedures because it does not set forth "[e]ach fact . . . in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition." (Doc. 10 ¶ I.B.1 & 2; *id.* ¶ II.B.) Because this proposed fact does not comply with the Court's Procedures, it should be disregarded. *Hedrich*, 274 F.3d at 1177-78. The United States also objects to this proposed finding of fact because it contains legal argument and conclusions that should be disregarded. *Ruppert*, 716 F. Supp. 2d at 808.
>
> The United States disputes this proposed fact regarding the facts that Mr. Barker knows because from the outset, Mr. Barker has claimed to be similarly situated to ministers who may exclude a housing allowance under § 107(2) (*e.g.* Doc. 13 ¶ 49) and has provided sworn statements about his job duties and other facts that could support an exclusion of income under § 107 (Doc. 41 ¶¶ 3, 5-13, 19-22, 28, 31).

Dated: August 12, 2013

Respectfully submitted,

JOHN W. VAUDREUIL
United States Attorney

*/s/ Erin Healy Gallagher*
ERIN HEALY GALLAGHER
D.C. Bar Number: 985670
U.S. Department of Justice, Tax Division
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 353-2452
Fax: (202) 514-6770
E-mail: erin.healygallagher@usdoj.gov

*/s/ Richard Adam Schwartz*
RICHARD ADAM SCHWARTZ
California Bar Number: 267469
U.S. Department of Justice, Tax Division
Post Office Box 683
Washington, D.C. 20044
Telephone: (202) 307-6322
Fax: (202) 307-0054
E-mail: richard.a.schwartz@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that, on August 12, 2013, service of the foregoing United States' Response to Plaintiffs' Additional Proposed Findings of Fact was made upon Plaintiffs by filing it with the Clerk of Court using the CM/ECF system.

*/s/ Erin Healy Gallagher*
ERIN HEALY GALLAGHER